**HOFFMAN In Re**

Common Pleas Court, Hamilton Co

No 73851. Decided Feb 4, 1941

Mitchell Wilby and August J. Knapp, Cincinnati, for the petitioner.

Samuel Rubenstein, Cincinnati, for the sheriff.

**OPINION**

By BELL, J.

This cause is before the court upon a petition for a writ of habeas Corpus, the answer of the sheriff and the reply.

The facts in the case as disclosed by the pleadings and the evidence are substantially as follows:

The petitioner filed an action in the Common Pleas Court of Butler County, being No. 52200 on the docket of that court, wherein the petitioner was the plaintiff and Helen Hoffman, his wife, was the defendant. Thereafter, and while said cause was pending in said court, another action was filed and numbered on the docket of that court as 52273, wherein Helen Hoffman was plaintiff and this petitioner was the defendant. In both of these actions the

principal relief sought was a divorce. Both of the actions were pending upon the docket of the court until November 7, 1940. On that date cause No. 52273 was dismissed and an entry was made in cause No. 52200 in which the plaintiff in that case (the petitioner here) was ordered to pay to Casper & Casper, attorneys for the defendant, an attorney fee for legal services rendered in causes No. 52200 and No. 52273 in the sum of $40, said sum to be paid within five days from the date of entry. On the following day, to-wit, November 8, 1940, cause No. 52200 was dismissed by the court without record. Neither judgment of dismissal was ever reversed, modified or set aside.

On November 26, 1940, (after both cases had been dismissed) there was filed an affidavit in contempt against the petitioner in case No. 52200, charging him with contempt of court by reason of his failure to pay the $40 as ordered by the entry of November 7th. So far as disclosed by the evidence no disposition was ever made of that affidavit.

On December 3, 1940, a second affidavit was filed charging the petitioner with contempt of court by reason of his failure to pay the $40 ordered by the court in cause No. 52200; on the same date the court made an entry requiring the petitioner to show cause why he should not be punished for contempt of court, and the evidence discloses that the petitioner had no knowledge or information as to the filing of either of the affidavits in contempt or the order of the court to show cause why he should not be punished for contempt.

The evidence discloses that shortly after November 7th the parties became reconciled and moved from the city of Hamilton to the City of Cincinnati, and that thereafter they were residents of this city.

On December 30th the Common Pleas Court of Butler County found that the petitioner was in contempt of court and issued a citation for his arrest, to be brought before the court to be punished for contempt. A warrant was

issued and the sheriff of Hamilton County arrested the petitioner.

After his arrest the petition was filed for a writ of habeas corpus.

The determination of this case depends upon the answer to the question —Did the Common Pleas Court of Butler County have jurisdiction in either case after November 8, 1940?

If the court had jurisdiction then the order of citation and the warrant are not void, and the petitioner is not entitled to his release. On the other hand, if the court was without jurisdiction, then the order and warrant are void and the petitioner is entitled to his release.

In my judgment the answer to the question involved in this case has been definitely settled in Ohio and that the answer is that the court had no jurisdiction.

In **Goldstein v Klivans, Inc., 34 O. L. R. 576**, the Court of Appeals of Cuyahoga County uses this language:

"It is the view of this court that when the plaintiff by his voluntary act dismissed his proceeding without prejudice and an entry thereof was made upon the court's docket, that the cause ended in that court and that no further jurisdiction was reposed in that court with reference to a disposition of the case."

See also **Schaffer v Schaffer, 114 Oh St 309**, which was a divorce case where the court reached the same conclusion. **Lewshitz v Lewshitz, 35 Oh Ap 189**, and many other cases which might be cited, sustain this view.

I am therefore of the opinion that on November 8, 1940, when the court dismissed cause No. 52200, it lost jurisdiction of both parties and the subject matter, and had no further jurisdiction to entertain or decide any question in that case; that the entry of December 3, 1940, to show cause, and the entry for citation December 30, 1940, were both void and of no effect; and that the defendant's arrest upon

a warrant issued by virtue of the order of December 30, 1940, is an illegal deprivation of his liberty.

It follows therefore that the application for a writ should be and hereby is granted and the prisoner is discharged.